**R. M. ROBINSON, Individually and dba Robinson's Restaurant, Appellant,**

v.

**GRANITE EQUIPMENT LEASING CORPORATION, Appellee.**

No. 16856.

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 5, 1977.

Rehearing Denied June 2, 1977.

John F. Schaffer, III, Houston, for appellant.

Lapin, Totz & Mayer, William A. Petersen, Jr., Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal by the defendant-lessee from an adverse judgment rendered in a suit for damages by reason of the defendant-lessee's default under a personal property leasing agreement. The case was tried to the court without a jury. Findings of Fact and Conclusions of Law were filed. The judgment is affirmed.

In 1965 the defendant, R. M. Robinson, operated a restaurant in Kemah, Texas. During that year he leased an ice machine and bin from Interstate Commercial Equipment, Inc., (hereinafter referred to as I.C. E.). On February 21, 1969 Robinson executed a new lease agreement covering the same ice machine and bin with Granite Equipment Leasing Corporation, the plaintiff. I.C.E. negotiated an agreement whereby Granite purchased the machine and then leased it back to Robinson.

Robinson made monthly payments through April, 1970 but has made no payments since that time. The lease agreement provided that maintenance of the equipment would be at Robinson's expense. When the machine failed to function, and I.C.E. was unable or unwilling to repair it, Robinson requested that I.C.E. pick up the equipment. Robinson then placed the equipment in storage, from which place it was subsequently removed by I.C.E. in June or July of 1970. Robinson discontinued making his monthly rental payment, and after several requests for payment proved fruitless, Granite filed suit seeking recovery for all past due and unaccrued rentals. The trial court entered judgment for the plaintiff in the amount sought.

By his first point of error the defendant attacks the trial court's conclusion of law that the delivery of the equipment to Interstate Commercial Equipment, Inc. was not in satisfaction or in lieu of the defendant's obligations under the lease in question. Under this point the defendant attacks four findings of fact on the ground that they are not supported by any evidence or in the alternative by sufficient evidence. While the point is multifarious, we consider the defendant's contention that the surrender and acceptance of the leased equipment terminated all obligations under the lease.

The trial court found as a fact that the defendant delivered the equipment to I.C.E. and that the equipment remains unsold and in the possession of I.C.E. The court further found that I.C.E. was not the agent of Granite Equipment and that Granite Equipment did not authorize the defend-

ant to deliver the equipment to I.C.E. These findings of fact are supported by evidence admitted at the trial.

There is evidence that Granite continued to demand payments after the property was picked up by I.C.E. The lease provides that should the lessee default in payment of rental all obligations of lessee shall become due and payable at lessor's option, and that lessor shall have all remedies under the law and under the Uniform Commercial Code. It further provides, that upon default the lessee shall be liable for arrears of rent, if any, the balance of rentals provided for, the expense of retaking possession and removal of the equipment, court costs, and reasonable attorney's fees equal to 20% of the balance due. The lease further provides that if the proceeds of any sale of the equipment after deducting all costs of taking, storage, repair and sale are insufficient to pay said costs and the obligation, lessee agrees to pay any deficiency plus attorney's fees as aforesaid. It provides that said sums shall become due and payable immediately as liquidated damages and not as a penalty. The lease further provides that lessor may exercise all remedies simultaneously, pursuant to the terms of the lease, and that any such action shall not operate to release the lessee until the full amount of the rentals due and to become due and all other sums to be paid under the lease have been paid in cash.

The findings of fact support a conclusion of law that the defendant abandoned the leased property. The lessor's acceptance of the lessee's surrender of a lease by abandonment occurs only by mutual agreement. There must be a showing of an intention on the part of the lessor to abrogate the contract. *Blakeway v. General Electric Credit Corp.*, 429 S.W.2d 925 (Tex. Civ.App.—Austin 1968, writ ref'd n. r. e.).

The evidence shows that Granite did not intend to terminate the lease. Granite repeatedly notified the defendant of the default and requested payment. After learning that the machine had been picked up by I.C.E., Granite instructed

I.C.E. to sell the equipment. This fact does not establish an intention to terminate the lease. The lessor may repossess leased equipment and recover unaccrued rentals if the contract so provides or necessarily implies such right. *Walter E. Heller & Co. v. B. C. & M., Inc.,* 543 S.W.2d 696 (Tex.Civ. App.—Houston [1st] 1976, writ ref'd n. r. e.).

■■■ The provision of the lease requiring payment of all unaccrued rental on breach of contract is a provision for stipulated damages. Where the parties have agreed upon the amount of damages to be paid in case of a breach, the agreement will be enforced by the courts unless the defendant pleads and proves that the provision for liquidated damages is in fact a penalty. *Langever v. R. G. Smith & Co.,* 278 S.W. 178 (Tex.Comm'n App.1925, jdgmt adopted); *Stewart v. Basey,* 150 Tex. 666, 245 S.W.2d 484 (1952); *Blakeway v. General Electric Credit Corporation,* supra.

■■■ The defense of penalty was not specially pleaded by the defendant. It is an affirmative defense which will be waived unless specially pled. *Walter E. Heller & Co. v. B. C. & M., Inc.,* supra.

■■■ The trial court found that the balance due to the plaintiff by the defendant was the sum of $2,887.38. This sum is mathematically correct, but the defendant contends that the court was in error in failing to find that he was entitled to offset the return of the equipment against the balance due under the lease. It is not necessary to specially plead failure to mitigate damages. *Moulton v. Alamo Ambulance Service, Inc.,* 414 S.W.2d 444 (Tex.1967).

■■■ The evidence establishes that after the machine was returned to I.C.E., notices of sale were sent to the defendant, but the machine was not sold or rented. There is no evidence as to the value of the machine on the date it was received by I.C.E. There is no evidence of its rental value at that time in its damaged condition. There is no evidence of the cost of necessary repairs. The burden of producing such evidence was on the defendant. *Moulton v.*

*Alamo Ambulance Service, Inc.,* supra. In any event, the question of mitigation of damages does not arise where there is a valid provision for liquidated damages.

■■■ The defendant contends that the transaction was not in fact a lease agreement but was a secured transaction governed by the provisions of the Texas Business and Commerce Code. The defendant did not allege that the lease agreement was in reality a security transaction. No findings of fact in support of such a theory were requested from the trial court and no such findings were made. After the findings of the trial court were filed the defendant did request as an additional conclusion of law a finding that "the instrument in dispute, plaintiffs exhibit no. 1, creates a security interest in the transaction involved as governed by the provisions of the Texas Business and Commerce Code dealing with security agreements." There is no showing that this request was presented to or acted on by the trial court. The requested finding is waived. *Dillingham v. Dillingham,* 434 S.W.2d 459 (Tex.Civ.App.—Fort Worth 1968, writ dism'd).

■■■ The trial court found as a fact that the defendant executed a certain equipment lease on or about February 21, 1969, with the plaintiff as lessor. Whether this finding be regarded as a finding that the instrument in question was a straight lease rather than a memorandum showing a secured transaction is immaterial since this court would imply a finding in support of the trial court's judgment that the instrument in question was a straight lease. Neither the finding made or the implied finding, if one be necessary, has been attacked in this court by a point of error. There is evidence in the record to support such a finding of fact. The instrument is denominated a lease and the payments to be made are designated as rental. There is an option to renew the lease under the same terms and conditions, but the annual rental to be charged is not stated in the lease. There is evidence that the lessee was charged the sum of $1.00 for a purchase

option, but there is no evidence to show the terms of said option. There is evidence that Mr. Robinson leased the same equipment from I.C.E. for some four years prior to the date of the lease in question. By a letter dated February 12, 1969, from I.C.E. to Mr. Robinson the payments under the I.C.E. lease were reduced from $69.00 per month to $65.00 per month on a straight lease basis. The rental provided in the agreement between Granite Equipment and Robinson was $65.62 per month. There is evidence that Granite purchased the machine as used equipment from I.C.E. for the total sum of $2,708.15. Over the term of the lease the rental payments required would amount to $3,937.20. The lessee was required to keep the equipment in good condition, ordinary wear and tear excepted. There is no evidence to show the useful life of the equipment. The only evidence in the record concerning a reasonable rental price is the price which the lessee had paid prior to the purchase of the machine by Granite.

■ In the absence of testimony explaining the terms used we are unable to agree with the lessee that the $1.00 consideration for the purchase option reflected in the exhibits is the agreed value of the equipment at the end of the lease rather than a nominal consideration paid for an option to purchase. In the absence of evidence establishing the purchase price to be paid by the lessee on exercise of the option we are unable to determine whether the option granted the lessee a right to acquire the property at a price substantially lower than actual value.

In *Davis Brothers v. Misco Leasing, Inc.*, 508 S.W.2d 908 (Tex.Civ.App.—Amarillo 1974, no writ history), the court reviewed the cases setting out the guidelines for making an effectual determination as to whether the particular transaction between parties is a true lease or one intended as security. The court concluded:

". . . However, in order to apply such guidelines, it is necessary that the record contain evidence of the fair market value of the equipment at the time the purchase option may be exercised;

evidence of the depreciation schedule and anticipated useful life of the equipment; and evidence as to whether the rental payments are indicative of customary rental rates for similar equipment or are indicative of an acquisition of equity in the equipment. The lack of evidence of this nature in the record makes it impossible to apply such guidelines. Thus, the absence of essential evidence precludes either a legal conclusion or a factual determination of the true character of the agreement on which the transaction was based."

■ While the court in *Davis Brothers v. Misco Leasing, Inc.*, supra, concluded that the evidence in that case was insufficient to support the implied findings and the judgment based thereon and reversed and remanded the case, we cannot reach that result in this case. There is some evidence to support an implied finding of fact that the instrument in question is a straight lease. The lessee has not attacked such finding either on a no evidence or on an insufficient evidence point. In determining whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to appellee and to disregard entirely that which is opposed to it or contradictory in its nature. *Joy Corp. v. Nob Hill North Properties, Ltd.*, 543 S.W.2d 691 (Tex.Civ.App.—Tyler, no writ history).

■ Since it is not established as a matter of law that the lease instrument in question created a security interest in the property, and was not in fact a lease, §§ 9.504 and 9.505 Vernon's Texas Business and Commerce Code Annotated are not applicable to this transaction.

The judgment is affirmed.