**Robert L. JONES, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, et al., Appellees.**

**No. 08–86–00109–CV.**

Court of Appeals of Texas, El Paso.

Feb. 18, 1987.

Jerry Severson, Severson, Maxfield & Mesa, El Paso, for appellant.

Timothy Tunks, Edwards, Belk, Hunter & Kerr, Paul W. Dudley, Dudley, Dudley, Collins & Windle, El Paso, for appellees.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a subrogation judgment granting a worker's compensation insurance carrier, which had intervened in a successful personal injury action against a third party defendant, recovery for monies advanced the plaintiff for benefits and medical expenses. We abate the appeal and remand the case to the trial court for entry of a new judgment and perfection of a supplemental record.

■ In addition to providing for a sum certain, the judgment provides that the plaintiff was to pay the carrier "any other amounts advanced by the Intervenor to the Plaintiff or for his medical treatments under the terms of his Worker's Compensation claim." The parties stipulated that the plaintiff was receiving and would continue to receive $154.00 in worker's compensation benefits. The carrier claims these accrued and accruing amounts under the judgment. There is nothing in the record that indicates when the payments were to

cease. A final judgment must be certain so it can be enforced by writ of execution. *Giles v. Union Land Co.*, 196 S.W. 312 (Tex.Civ.App.—Galveston 1917, writ ref'd.). The total amount of money need not be stated in dollars and cents if the correct amount can be ascertained by the pleadings. *Hill v. Lyles*, 81 S.W. 559 (Tex.Civ. App.1904). Whether we would want to extend this rule to require the clerk to ferret through the exhibits (assuming they have not been withdrawn by the parties) does not have to be considered here. Although the parties stipulated by exhibit to a continuing payment, we must take notice that it cannot be infinite and could cease at any time.

The judgment must dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956).

We find then that a judgment with an unascertainable amount cannot be final. Pursuant to Rule 58(b), Tex.R. App.P., we remand the case to the trial court to enter final judgment with the express amount of reimbursement required under Article 8307, sec. 6a(c), Tex.Rev.Civ. Stat.Ann. (Vernon Supp.1987). We further hold for this purpose that "the conclusion of a third party action" stated in said article means the time of the signing of this final judgment. We would require this to be done within forty-five days from the date of this opinion.