RIO GRANDE LAND & CATTLE COMPANY et al., Petitioners,

v.

George E. LIGHT, III et al., Respondents.

No. C-7582.

Supreme Court of Texas.

Sept. 21, 1988.

Rehearing Denied Nov. 16, 1988.

**748**

Royal H. Brin, Jr., Strasburger & Price, Dallas, John Huffaker, Gibson, Ochsner & Adkins, Amarillo, John M. Pinckney, III, Matthews & Branscomb, San Antonio, for petitioners.

C.R. Kit Bramblett, Bramblett & Bramblett, El Paso, J. Walter Park, IV, Law Offices of J. Walter Park, IV, San Antonio, for respondents.

PER CURIAM.

George E. Light and other cattle owners ("Light") entered into contracts with the Rio Grande Land & Cattle Co. ("Rio Grande") for the feed and care of Light's cattle. When Rio Grande presented its bill for feed lot services Light believed it excessive and instituted suit for alleged overcharges. After a jury trial the trial court rendered judgment for Light against Rio Grande awarding actual damages based on the "excessive cost of gain" of Light's cattle over the cost of gain incurred by Rio Grande's stockholders in fattening their cattle on the lot. Light also received prejudgment interest on the sum at the rate of 6% per annum.

The court of appeals reversed the trial court award of punitive damages but affirmed the grant of 6% interest. 749 S.W. 2d 206. Light argued that the "excessive cost of gain" was a tort injury and was thus subject to prejudgment interest of 10% per annum. *See Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985). The court of appeals held that the damages were based in contract, not tort, and thus the 6% interest rate of Tex. Rev.Civ.Stat.Ann. art. 5069-1.03 (Vernon 1987) applied. Both Rio Grande and the Light parties seek writ of error in this court.

While the relationship between Light and Rio Grande arose under a contract, the damages suffered by Light could not be ascertained by reference to that contract. The costs incurred by the individual owners of Rio Grande in obtaining weight gains for their cattle and the difference between this amount and the costs charged to Light for their cattle's weight gain provided the measure of damages. This amount could not be ascertained by reference to the face of the contract between Light and Rio Grande. The interest provisions of article 5069-1.03 apply only to "contracts ascertaining the sum payable." Clearly, the contract here provides no guidance in ascertaining the measure of damages suffered by Light. The contract did not contain provisions to determine damages from overcharging for costs expended to achieve cattle weight gain. Thus, article 5069-1.03 is inapplicable to a determination of prejudgment interest in this case.

The more appropriate basis for an award of prejudgment interest in this case is equity. The twin aims of discouraging delay and encouraging compromise are advanced by awarding the prevailing market rate interest. *Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988). Here, as in *Perry Roofing*, the damages cannot be measured from the face of the contract.

The holding of the court of appeals limiting the award of prejudgment interest to 6% per annum conflicts with our recent decision in *Perry Roofing*. The courts below should have imposed prejudgment interest at the interest rates applicable to judgments under Tex.Rev.Civ.Stat.Ann. art. 5069-1.05.

We therefore grant the Light parties' application for writ of error and, without

hearing oral argument, a majority of the court reverses that part of the court of appeals' judgment limiting prejudgment interest to 6%. Tex.R.App.P. 133(b). We render judgment that Light receive prejudgment interest at the judgment rate set out in Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, and remand to the trial court for the computation of that amount. The application for writ of error of Rio Grande Land & Cattle Company is denied.