Martha Jean PHILLIPS, Appellant,

v.

Harry S. PHILLIPS, et al., Appellees.

No. 12–88–00153–CV.

Court of Appeals of Texas, Tyler.

June 26, 1990.

**270**

Michael S. Wilk, Houston, for appellant.

Otis Carroll, Tyler, for appellees.

## ON MOTION FOR REHEARING

COLLEY, Justice.

Appellant and appellee both filed motions for rehearing. We will first address appellant's motion.

### I.

### APPELLANT'S MOTION FOR REHEARING

Appellant assigns four points of error in her motion for rehearing. First, she contends that we erred in refusing to reform the judgment to allow her a recovery of ten times the actual damages found by the jury ($300,000) in response to the sole damage issue submitted. Second, she complains, and rightly so, that we erred in concluding the trial court erred in failing to award her stipulated attorney's fees in the amount of $232,302.14, instead of $235,302.14 (we erred in failing to notice the typographical error in our original opinion). Third, appellant asserts that we erred in holding that she was only entitled to prejudgment interest at the rate of 6% under Tex.Rev.Civ. Stat.Ann. art. 5069–1.03 (Vernon 1987) (hereinafter referred to as article 5069–1.-03), instead of interest at the rate fixed by former Tex.Rev.Civ.Stat.Ann. art. 5069–1.-05[1] (Act of May 17, 1983, ch. 107, § 1, 1983 Tex.Gen.Laws 518–519, amended by acts 1987, ch. 154, § 1, 1st C.S., ch. 3, § 1 and acts 1989, ch. 626, § 1). The current version of this article appears as Tex.Rev.Civ. Stat.Ann. art. 5069–1.05 (Vernon Supp. 1990). Fourth, appellant alleges we erred in sustaining appellee's second cross-point of error "because Appellees ... [had] dis-

1. Hereinafter referred to as article 5069–1.05.

missed their appeal." Appellant correctly points out that we erred in so doing because appellees' cross-appeal was, on their own motion, dismissed by per curiam opinion delivered on April 28, 1989.

Appellant argues under her first assignment of error that she was entitled to ten times the damages found by the jury because Article XVI, § 16.2 of the Limited Partnership Agreement so provides. She contends that since appellees did not plead and prove that such provision constituted a penalty, she is entitled to those additional damages as a matter of law, relying on *Robinson v. Granite Equipment Leasing Corp.*, 553 S.W.2d 633, 637 (Tex.Civ.App.– Houston [1st Dist.] 1977, writ ref'd n.r.e.). Although the Houston court cites *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484 (1952), in support of its ruling, *Stewart v. Basey* provides no support for *Robinson*. In *Robinson*, the contract involved provided for "payment of all unaccrued rental on breach...." *Robinson*, 553 S.W.2d at 637. The *Robinson* court concluded that that language constituted a "provision for *stipulated*" damages, but did also write, "[w]here the parties have agreed upon the amount of damages to be paid in case of a breach, the agreement will be enforced by the courts *unless the defendant pleads and proves* that the provision for liquidated damages is in fact a penalty." *Id.* (emphasis added).

In *Stewart v. Basey*, the Supreme Court wrote very clearly that the courts are not "bound by the language of the parties." 245 S.W.2d at 486. However, more significantly that court said:

The right of competent parties *to make their own bargains is not unlimited.* The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. By the operation of that rule a party generally should be awarded neither less nor more than his actual damages. *A party has no right to have a court enforce a stipulation which violates the principle underlying that rule....* What courts really do ...

is to permit the parties to estimate in advance the amount of damages, provided they adhere to the principle of just compensation. (Emphasis added.) *Id.* (citation omitted).

Finally, the *Stewart v. Basey* court concluded that in that case, "it would be unreasonable and a violation of the principle of just compensation to enforce [the stipulation].... " Hence, they stated, that "the provision for stipulated [liquidated] damages should be treated as a penalty." 245 S.W.2d at 487.

We remain persuaded that section 16.2 of the Agreement, as a matter of law, provides a penalty, and is therefore unenforceable. *Stewart v. Basey.* Appellant's first point of error in her motion for rehearing is overruled.

Upon reconsideration of appellant's fourth point of error on appeal, now addressed in her third assignment of error as set forth in her motion for rehearing, we conclude that that assigned point of error should be sustained. This point will be discussed further in the following opinion.

Therefore, in reference to her motion for rehearing, we overrule appellant's first point of error, but sustain her second, third and fourth points of error. We will correct those errors in the opinion that follows.

## II.

### APPELLEES' MOTION FOR REHEARING

Appellees assign three points of error in their motion for rehearing. First, they contend we erred "in reversing the trial court's judgment" which did not award appellant the stipulated attorney's fees in the sum of $235,302.14. We remain convinced that our original ruling on this matter was correct. The point is overruled. Second, appellees, understandably, asked for "clarification" of our opinion regarding when the prejudgment interest on appellant's award of damages should begin to run. That request is granted and will be addressed in the following opinion. By their third assignment of error, appellees seek clarification of the effect of our ruling on their second appellate cross-point of error. Since we sustain appellant's fourth point of error and agree that the cross-appeal had been dismissed, that point is rendered moot.

## III.

We sustain appellant's motion for rehearing to the extent explained in Part I of this opinion, and for the purpose of correcting our errors, withdraw our former opinion in this cause delivered on March 30, 1990, and substitute therefor the following opinion.

On April 9, 1976, appellant Martha Jean Phillips and appellee Harry S. Phillips, then husband and wife, executed a "Marriage Settlement Agreement" and a "Limited Partnership Agreement." By these instruments the parties created a limited partnership named Phillips & Phillips, LTD. (hereinafter called partnership), and contributed to that partnership the bulk of their community property estates. Under the partnership, appellee is the sole general partner and appellant is the sole limited partner. On April 13, 1976, the parties were divorced by a decree signed by the Judge of the Domestic Relations Court in and for Smith County, Texas.

The present suit was filed by appellant on November 28, 1983. On November 2, 1987, appellant filed her "Seventh Amended [Original] Petition." By that pleading appellant answered appellee's and the partnership's counterclaims. She alleged that the appellee breached the Partnership Agreement in several respects, thereby causing actual damages to appellant. Appellant also alleged in that pleading that she is entitled to a judgment against appellee, individually, for his several intentional breaches of fiduciary duty. She further alleged that:

> In accord with Section 16.2 of the Partnership Agreement [appellant] is entitled to damages from [appellee] individually in the amount of ten (10) times all losses suffered by [appellant]. In the alternative, [appellant] is entitled to recover exemplary damages against [appellee] individually in the amount of at least $5,000,-

000 for the breaches of fiduciary duty by [appellee].

Appellee also sought an award of attorney's fees, dissolution of the partnership, post- and pre-judgment interest, and court costs against appellant, individually.

The case went to trial before a jury in November, 1987, and on February 19, 1988, the trial court signed a judgment in favor of appellant on the jury's verdict.

Appellant in her limited appeal presents four points of error. By her first two points, she complains that the court erred in failing to award her $235,302.14 in attorney's fees in addition to the damages ($300,000) found by the jury against appellee, individually. By her third point of error she contends that the court erred in failing "to award [her] ten times the damages found by the jury as required by the Partnership Agreement...." Finally, by her fourth point, appellant alleges that the court erred in failing to award her pre-judgment interest at the rate prescribed by article 5069–1.05. We will sustain appellant's points of error numbers 1, 2 and 4, reverse the judgment, and remand the cause with instructions.

■ Initially, we will address appellant's first two points of error. It is undisputed that the parties, under Tex.R.Civ.P. 11, stipulated that if appellant was successful in the action, the sum of $235,302.14 would be a reasonable attorney's fee for the trial of the cause. The jury by its answer to Special Issue No. 1 found that appellee breached the Partnership Agreement in numerous respects.

In response to the sole damage issue (Special Issue No. 3), the jury found that appellee's breaches of the contract, and of his fiduciary duties thereunder, caused damages to appellant in the sum of $300,-000.

We conclude under the record before us that the court did err in failing to award appellant attorney's fees in the amount of $235,302.14 against appellee, individually, in addition to the damages in the sum of $300,000 which were clearly determined by the jury to represent pecuniary losses other than attorney's fees, sustained by appellant from appellee Harry S. Phillips' various breaches of contract and fiduciary duty. Points of error numbers 1 and 2 are sustained.

■ Appellant claims by her third point of error that she is entitled to a recovery against appellee, individually, of ten times the actual damages found by the jury. She contends that Article XVI[2] of the Partnership Agreement constitutes a provision for liquidated damages.

She argues that, since appellee has failed to plead the affirmative defense that such provision constitutes a penalty and is therefore unenforceable, he has waived that defense, citing *Robinson v. Granite Equipment Leasing Corp.*, 553 S.W.2d 633, 637 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). However, section 16.2 shows on its face, as a matter of law, that it provides for a penalty in the nature of punitive damages, as distinguished from liquidated compensatory damages. Therefore we conclude that appellant is not entitled to the damages provided by section 16.2. *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952). Appellant's third point of error is overruled.

■ Finally, appellant claims under her fourth point of error that the trial court erred in failing to award her pre-judgment interest at the rate provided by article 5069–1.05. There is no question that appellee is entitled to pre-judgment interest. The only question is whether she is entitled to interest at the rate prescribed by article 5069–1.05 or at the rate prescribed by article 5069–1.03. *Perry Roofing Company v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988); *Rio Grande Land & Cattle Co. v. Light*, 758 S.W.2d 747, 748 (Tex.1988). Under *Perry* and *Light*, a party seeking pre-judgment interest in a contract suit need prove only that the damages recovered "cannot be

2. Article XVI reads in part:
   16.2 Damages. If the general partner breaches his trust hereunder, he shall pay to the limited partner as liquidated damages ten times the amount she loses as a result of such breach. Errors of judgment shall not be considered breaches of trusts.

measured from the face of the contract," in order to recover pre-judgment interest at the higher rate of article 5069–1.05. *Light*, 758 S.W.2d at 748.

From the record before us we cannot determine the precise basis for the jury's finding of damages in the sum of $300,000. The undisputed evidence shows that appellant received some 2.4 million dollars less by way of distributions than she was entitled to under the Partnership Agreement, and that she was shorted in payment of personal expenses in the sum of $127,000. We conclude that the damages recovered "cannot be measured from the face of the [Partnership Agreement]." Hence, under *Light* and *Perry*, appellant is entitled to pre-judgment interest at the rate[3] fixed by article 5069–1.05. We sustain her fourth point of error.

Because of the errors found, the judgment is reversed and this cause is remanded for the entry of a judgment in favor of appellant Martha Jean Phillips consistent with this opinion.

RAMEY, C.J., not participating.

---

3. We are unable, based on the record before us, to determine under *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554–555 (Tex. 1985); *Perry Roofing Co. v. Olcott;* and *Rio Grande Land & Cattle Co. v. Light*, the proper accrual dates of the pre-judgment interest that should be awarded appellant. Therefore, on remand, the trial judge shall conduct appropriate proceedings to determine the amount of pre-judgment interest due appellant at the rate prescribed by article 5069–1.05 and *Cavnar*.