**H.E. BUTT GROCERY COMPANY, Appellant,**

v.

**BAY, INC., Lone Star Equipment, Inc., and Berry Contracting, Inc., Appellees.**

**No. 13–90–331–CV.**

Court of Appeals of Texas, Corpus Christi.

April 25, 1991.

Rehearing Overruled May 23, 1991.

Ben A. Donnell, Clay Coalson, Corpus Christi, for appellant.

Ben F. McDonald, Charles Vanaman, Frank E. Weathered, Dunn, Cason & Weathered, Corpus Christi, for appellees.

Before KENNEDY, BENAVIDES and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken by writ of error from the granting of a "no-answer" default judgment against the petitioner, H.E. Butt Grocery Co. (HEB). The trial court's judgment awards roughly $550,000.00 to respondents Bay, Inc., Lone Star Equipment, Inc., and Berry Contracting, Inc. (collectively referred to as BAY). To satisfy the judgment, the trial court ordered foreclosure of BAY's liens. The judgment also awards attorney fees, prejudgment and post-judgment interest. Because we conclude that the trial court's judgment is not final, we dismiss this appeal.

On November 28, 1989, BAY filed suit against HEB, seeking to recover sums due for construction work performed at Moore Plaza, a retail shopping center located in Corpus Christi. Subsequently, on January 11, 1990, a no-answer default judgment was taken against HEB.

Initially, HEB questions the judgment's finality. In its brief, BAY points out that HEB did not move to have the appeal dismissed for want of jurisdiction. There are no particular preservation or briefing requirements imposed on a party when challenging a court's jurisdiction. *Crawford v. Williams*, 797 S.W.2d 184, 185 (Tex.App.—Corpus Christi 1990, writ denied). No motion to dismiss or plea to the jurisdiction was thus necessary. *Id.* In fact, because jurisdiction is fundamental and may not be ignored, we must inquire into it even if necessary to do so *sua sponte*. *White v. Schiwetz*, 793 S.W.2d 278, 281 (Tex.App.—Corpus Christi 1990, no writ).

**680**

■■ Absent a conventional trial on the merits, a judgment is not presumed final. *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986) (per curiam) (orig. proceeding). Hence, there is no presumption of finality in default judgment cases. *Id.; Etter's Welding, Inc. v. Gainesville Nat'l Bank*, 687 S.W.2d 521, 522 (Tex.App.—Fort Worth 1985, no writ).

■ A final judgment must dispose of all parties and issues in a lawsuit. *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex. 1982). A final judgment must also be certain, so that it can be enforced by writ of execution. *Jones v. Liberty Mut. Ins. Co.*, 733 S.W.2d 240, 242 (Tex.App.—El Paso 1987, no writ). Ministerial officers must be able to carry the judgment into execution without ascertainment of additional facts. *Mueller v. Banks*, 317 S.W.2d 256, 256 (Tex.Civ.App.—San Antonio 1958, no writ). A judgment awarding an unascertainable amount cannot be final. *Jones*, 733 S.W.2d at 242.

■ HEB argues that the judgment is not final because it fails to specify the rate of prejudgment interest and the date of its accrual. The judgment recites only that BAY "recover prejudgment and post-judgment interest on their accounts as provided by the laws of Texas." The fact that a judgment fails to recite a specific interest rate will not, in and of itself, render a judgment uncertain or indefinite, if the applicable rate can be conclusively established. *See Budge v. Post*, 643 F.2d 372, 375 (5th Cir.1981) (per curiam).

There are three possible authorities under which prejudgment interest may be ordered by the trial court—two statutory and one at common law. Regarding the former, the Legislature enacted two provisions which authorize and concomitantly set the rate for an award of prejudgment interest. *See* Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 (Vernon 1987) & art. 5069–1.05 § 6(a) (Vernon Supp.1991). Regarding the latter, the Supreme Court has applied equitable principles to establish a party's right to prejudgment interest. *See Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985).

Article 5069–1.03 provides for six-percent prejudgment interest on "accounts and contracts ascertaining the sum payable." By this statute, the account or contract under which the plaintiff is suing must fix "a measure by which the sum payable can be ascertained with reasonable certainty." *See Perry Roofing Co. v. Olcott*, 744 S.W.2d 929, 930 (Tex.1988) (quoting *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 567 (Tex.1984)). This requirement has always been liberally construed. *La Sara Grain*, 673 S.W.2d at 567.

Article 5069–1.05 § 6(a) applies to those judgments based on causes of action for wrongful death, personal injury, and property damage. Under this statute, prejudgment interest is taxed at the current market rate regularly published by the consumer credit commissioner.

■ Finally, equitable prejudgment interest or "*Cavnar*" interest is recoverable when a contract forms the basis of a suit between the parties, yet the contract contains no measure by which a sum payable can be ascertained. *Perry Roofing Co.*, 744 S.W.2d at 930 (citing *Cavnar*). Just as in article 5069–1.05 § 6(a), the rate published by the consumer credit commissioner applies to those cases in which *Cavnar* interest is permitted. *Perry Roofing Co.*, 744 S.W.2d at 930.

Because this suit is not one for wrongful death, personal injury, or property damage, article 5069–1.05 § 6(a) clearly does not apply. The question then is which of the remaining two authorities, article 5069–1.03 or *Cavnar*, is the proper measure for the prejudgment interest awarded in the trial court's judgment. We emphasize that the question is not which one we find to be applicable; the question is whether the clerk would know with certainty which one to apply.[1]

---

**1.** We recognize that appellate courts regularly judge the propriety of a trial court's choice of prejudgment interest rate. *See, e.g., Rio Grande Land & Cattle Co. v. Light*, 758 S.W.2d 747, 748 (Tex.1988) (per curiam); *Phillips v. Phillips*, 792 S.W.2d 269, 272–73 (Tex.App.—Tyler 1990, writ

As previously discussed, article 5069–1.03 authorizes six-percent prejudgment interest in cases in which an ascertainable sum is payable. Here, the record contains the affidavit of the custodian of BAY's credit accounts, setting out and verifying the specific sums payable to respondents. Hence, we have an account "ascertaining the sum payable," as required by article 5069–1.03. The sum payable was ascertainable with reasonable certainty. *See Dolenz v. American Gen'l Fire & Casualty Co.*, 798 S.W.2d 862, 864 (Tex.App.—Dallas 1990, writ denied); *cf. Perry Roofing*, 744 S.W.2d at 930; *ACCO Constructors, Inc. v. National Steel Prods. Co.*, 733 S.W.2d 368, 370–71 (Tex.App.—Houston [14th Dist.] 1987, no writ); *T J Serv. Co. v. Major Energy Co.*, 552 S.W.2d 598, 601 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

In its brief, BAY wholly fails to mention article 5069–1.03; instead, BAY cites *Perry Roofing* as authority for an award of *Cavnar* interest. Because there is no specified contract rate of interest, BAY argues that the trial court awarded *Cavnar* interest and that the amount of the award is certain and definite because, under *Perry Roofing*, the rate of prejudgment interest is the rate published by the consumer credit commissioner. To this extent, we have no quarrel with BAY's argument.

 The problem, however, arises when we try to determine whether the trial court awarded article 5069–1.03 prejudgment interest or *Cavnar* prejudgment interest, as BAY urges. The rate differs for each. From the face of the record, we cannot determine with certainty which one the court applied. Consequently, by the trial court's failure to specify under which authority it granted prejudgment interest, the amount of the judgment is not capable of definite ascertainment from its own terms. It is not a final judgment.

We distinguish *Budge* because, unlike the case at bar, the Court found only one rate of interest applicable to the trial court's award of interest "at the legal rate." *See Budge*, 643 F.2d at 375. This cause is DISMISSED FOR WANT OF JURISDICTION.

granted); *Strata Energy, Inc. v. Gavenda*, 753 S.W.2d 789, 791 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Allen v. Allen*, 751 S.W.2d 567, 576–77 (Tex.App.—Houston [14th Dist.] 1988, writ denied). However, while this may be the proper function of an appellate court, it is not the proper function of the district clerk who bears the responsibility of determining the proper rate of interest to apply to the judgment.