**SHORELINE, INC., Appellant,**

v.

**Jeri HISEL, Appellee.**

**No. 13–01–621–CV.**

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 29, 2003.

Rehearing Overruled Sept. 25, 2003.

John J. Franco, Jr., Lawrence D. Smith, Ogletree, Deakins, Nash, Smoak and Stewart, San Antonio, for Appellant.

Audrey Mullert Vicknair, Bracewell & Patterson, L.L.P., Charles Smith, Corpus Christi, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and DORSEY.[1]

## OPINION

Opinion by Justice DORSEY (Assigned).

Appellant Shoreline, Inc. (Shoreline), defendant below, appeals from a post-answer default judgment granted in the favor of appellee, Ms. Jeri Hisel, plaintiff in the trial court. By four issues, appellant complains that the default judgment is not a final judgment; the trial court erred in awarding damages; and the evidence is legally and factually insufficient. We reform the judgment to delete the award of punitive damages, and otherwise affirm.

Shoreline, a drug rehabilitation residential treatment center, employed Hisel as a caseworker. During her employment, Hisel's mother became ill. Shoreline denied Hisel's request for time off. Her mother died two months later and Hisel requested time off to attend the funeral. After attending the funeral, Shoreline disciplined Hisel for her absence and eventually de-moted her to employment on an as-needed basis.

On December 8, 1997, Hisel filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Texas Commission on Human Rights (TCHR), contending Shoreline did not treat similarly situated male employees as harshly. Hisel exhausted her administrative remedies and received the right to sue on May 21, 1999.

Hisel filed suit on May 28, 1999, pleading two causes of action, sex discrimination and negligence. Shoreline answered the suit but failed to appear for any hearings or for trial. Consequently, the trial court entered default judgment in favor of Hisel. The judgment, entered on March 12, 2001, awarded $5,000.00 in actual damages, $16,264.40 in lost wages, $80,000.00 in substantiated damages, $200,000.00 in punitive damages plus the cost of the suit, prejudgment interest, and attorneys' fees. The judgment did not state the amount of prejudgment interest nor upon which cause of action the judgment was based. On August 30, 2001, Shoreline filed this restricted appeal.

In a restricted appeal, we review four elements: "(1) [notice filed] within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record." *Norman Communications v. Texas Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997) (per curiam); *see* Tex.R.App. P. 30 & 26.1(c). Appellant has satisfied the first three elements, so this appeal focuses on whether error is apparent on the face of the record. The face of the record, for purposes of restricted appeals, consists of all papers on

1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

file in the appeal, including the statement of facts. *Norman Communications.*, 955 S.W.2d at 270. Sufficiency of the evidence may be reviewed in a restricted appeal. *Id.*

■■ Appellant's first issue questions the finality of the default judgment. It argues the judgment is not final because the amount of prejudgment interest cannot be determined. Appellant argues that because Hisel plead two causes of action having different accrual dates for the calculation of prejudgment interest, neither being specified as the basis for the judgment, the amount of prejudgment interest cannot be calculated. If the judgment is not complete within itself so that a writ of execution can be prepared by the clerk, the judgment is not final, and appellate jurisdiction is not vested in this court. *See Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 440 (Tex.App.-Houston [1st Dist.] 2000, no pet.); *H.E. Butt Grocery Co. v. Bay*, 808 S.W.2d 678, 680 (Tex.App.-Corpus Christi 1991, writ denied).

■ This judgment is not entitled to a presumption of finality because it is a default judgment. As such it does not have a presumption of finality because it does not result from a conventional trial on the merits. *Chase Manhattan Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex.1990); *Houston Health Clubs, Inc. v. First Ct. of Appeals*, 722 S.W.2d 692, 693 (Tex.1986) (per curiam) (orig.proceeding); *H.E. Butt Grocery Co.*, 808 S.W.2d at 680. To be final and appealable, a judgment must dispose of all parties and issues before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 213 (Tex.2001) (Baker, J., concurring); *Zamarripa v. Sifuentes*, 929 S.W.2d 655, 656 (Tex.App.-San Antonio 1996, no writ). A "judgment awarding an unascertainable amount cannot be final." *H.E. Butt Grocery Co.*, 808 S.W.2d at 680.

■ Not specifying the amount of prejudgment interest, however, does not necessarily make a judgment uncertain or indefinite. *Ortiz v. Avante Villa at Corpus Christi Inc.*, 926 S.W.2d 608, 611 (Tex. App.-Corpus Christi 1996, writ denied). When the rate and means of calculating interest can be determined as a matter of law, it is not necessary that the amount be stated in the judgment. *Id.* Nonetheless, ministerial officers must be able to carry the judgment into execution without ascertainment of additional facts. *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex.1994) (citations omitted); *H.E. Butt Grocery*, 808 S.W.2d at 680.

The accrual date for prejudgment interest on the statutory discrimination claim began 180 days after Shoreline received written notice of the complaint filed with the EEOC. *See* TEX. FIN.CODE ANN. § 304.104 (Vernon Supp.2003). That complaint was filed on December 8, 1997. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531 (Tex. 1998) (defining claim as "a demand for compensation or an assertion of a right to be paid"). The Texas Commission on Human Rights has up to ten days of receipt of complaint to serve a copy of that complaint to the respondent. TEX. LAB.CODE ANN. § 21.201(d) (Vernon 1996). Although the record does not reflect when appellant received notice of the claim, we presume it was received as the 10 day period ended, December 19, 1997.

Appellant relies on a supposed conflict between the date prejudgment interest began to accrue under the TCHRA and the date prejudgment interest began to accrue under the negligence action. However, both the statutory and common law entitlement to prejudgment interest accrue identically: after 180 days from the date written notice of claim is given to defendant or

suit is filed, whichever is earlier. TEX. FIN.CODE ANN. § 304.104; *Johnson & Higgins of Texas v. Kenneco Energy,* 962 S.W.2d 507, 531 (Tex.1998). Notice of the claim that appellee was seeking money is presumed to have been given on December 19, 1997, and interest began to accrue 180 days later. The filing of the action occurred much later, on May 28, 1999. The notice of claim was sufficient to trigger the accrual of interest, regardless of the multiple pleadings appellee chose, because the essence of her complaint is her firing. Because prejudgment interest began accruing on the same day for both causes of action, the judgment is not ambiguous and is final. The record does not reveal any delays in the trial so as to give rise to discretion of the trial court to determine the accrual date. TEX. FIN.CODE ANN. § 304.108 (Vernon Supp.2003); *See Olympia Marble & Granite,* 17 S.W.3d at 443. Similarly, there is no evidence of settlement offers so as to implicate finance code section 304.105. TEX. FIN.CODE ANN. § 304.105 (Vernon Supp.2003). Appellant's first issue is overruled.

■ By its second issue, appellant asserts that the trial court erred in awarding damages because there is no evidence of the number of employees of Shoreline. The TCHRA sets the maximum damages allowable, both compensatory and punitive, dependent on the number of employees of the defendant. TEX. LAB.CODE ANN. § 21.2585(d) (Vernon Supp.2003). The damages awarded appellee was $280,000. An award of this amount would require the defendant to employ at least 500 persons. *See id.*

However, no such damage cap was pleaded by appellant. Where maximum damages are provided in statutes in Texas, and a defendant wants to rely on the cap, it is considered a defense that must be plead and proved. TEX.R. CIV. P. 94; *Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 896–97, 904–905 (Tex.2000); *see, e.g.,* TEX.REV.CIV. STAT. ANN. art. 4590i § 11.02 (Vernon Supp.2003) (capping damages against health care providers); TEX. CIV. PRAC. & REM.CODE ANN. § 41.008 (Vernon Supp.2003) (capping punitive damages). We hold it was incumbent on the appellant, if seeking to avail itself of the protection of the damage cap, to both plead and prove the defense. Neither pleading nor proof are present in this record. Appellant's second issue is overruled.

■ By its third issue appellant charges there is legally or factually insufficient evidence that Shoreline discharged appellee because of her gender. In discrimination cases brought under the TCHRA a prima facie case of discrimination is made by showing that the plaintiff was: (1) within the protected group; (2) adversely affected or suffered an adverse employment action; and (3) similarly situated non-protected class members were not treated similarly. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *M.D. Anderson Hosp. v. Willrich,* 28 S.W.3d 22, 24 (Tex.2000)(per curiam); *City of Austin Police Dep't. v. Brown,* 96 S.W.3d 588, 596 (Tex.App.-Austin 2002, no pet.); *Jones v. Jefferson County,* 15 S.W.3d 206, 209–10 (Tex.App.-Texarkana 2000, pet. denied). Deemed admissions established that appellee was a woman who suffered an adverse employment action that men similarly employed did not. She established her prima facie case and it became necessary for the appellant to provide evidence of a non-discriminatory reason for the adverse treatment of the appellee. Appellant failed to do so. The third issue is overruled.

■ Appellant's fourth issue is that the evidence is insufficient, both factually and legally, to support the award of compensa-

tory and punitive damages. The judgment awarded $200,000 in punitive damages and $80,000 in compensatory damages, in addition to awarding lost wages of $16,263.40, actual damages of $5,000, and attorneys' fees.

Punitive damages may be awarded if the employer acted with malice or reckless indifference to the state-protected rights of the employee. TEX. LAB.CODE ANN. § 21.2585. However, more than mere discrimination is required to authorize punitive damages. *Kolstad v. Am. Dental Assoc.*, 527 U.S. 526, 534, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). After reviewing the sparse evidentiary record, we conclude there is no evidence of malice or reckless indifference to justify the imposition of punitive damages.

However, we conclude there is sufficient evidence to sustain the other awards of damages.

The judgment of the trial court is REFORMED to delete the award of punitive damages; otherwise the judgment is AFFIRMED AS REFORMED.