**Supplemental Memorandum Opinion on Denial of Rehearing filed October 30, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00663-CV

**JEFFERSON COUNTY, TEXAS, Appellant**

**V.**

**DONNA DAVIS, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Court Cause No. B-182,252**

## SUPPLEMENTAL MEMORANDUM OPINION ON DENIAL OF REHEARING

Although we deny the parties' respective motions for rehearing, we issue this supplemental memorandum opinion to briefly address a jurisdictional argument raised by the County.

In its motion for rehearing, the County attempts to challenge damage findings other than the assessment of damages for future mental anguish. Because

future mental anguish was the only damage finding that was even arguably challenged in the County's brief, its challenge to the other damage findings are waived. *See Cajun Constructors, Inc. v. Velasco Drainage Dist.*, 380 S.W.3d 819, 821 n.1 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (sub. op.); *Harris County v. Nagel*, 349 S.W.3d 769, 790 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (sub. op.).

The County contends, however, that if the award of front pay constitutes compensable damages, then that award is subject to a $300,000 damages cap. The County further asserts that "the front pay issue implicates subject matter jurisdiction," and suggests that we properly can consider its application whenever the issue is raised. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 443–44 (Tex. 1993) ("Subject matter jurisdiction is never presumed and cannot be waived.").

The County is mistaken in asserting that we can consider this argument. The damages cap concerns immunity from liability, not immunity from suit; thus, contrary to the County's argument, a damages cap does not affect subject-matter jurisdiction. It instead is an affirmative defense that is waived if not pleaded. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam); *Tex. Comm'n on Human Rights v. Morrison*, 346 S.W.3d 838, 850 (Tex. App.—Austin 2011), *rev'd on other grounds*, 381 S.W.3d 533 (Tex. 2012) (per curiam); *O'Dell v. Wright*, 320 S.W.3d 505, 515–16 (Tex. App.—Fort Worth 2010, pet. denied); *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 25 (Tex. App.—Corpus Christi 2003, pet. denied); *see also Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896–97, 904 (Tex. 2000) (determining that a damages cap was adequately raised in plaintiff's pleading and referring to such a "liability limitation" as an affirmative defense).

Because the damages cap was neither pleaded nor argued before now, the arguments concerning its application are waived.


                                    /s/     Tracy Christopher
                                            Justice


Panel consists of Justices Christopher, Jamison, and McCally.