**Joseph Brent ZIEMIAN d/b/a Tarrant Restoration and Timothy G. Pletta, Appellants**

v.

**TX ARLINGTON OAKS APARTMENTS, LTD., Appellee.**

No. 05–06–00796–CV.

Court of Appeals of Texas, Dallas.

Aug. 28, 2007.

Rehearing Overruled Oct. 9, 2007.

Timothy Gerard Pletta, Law Office of Timothy G. Pletta, Coppell, for appellants.

Robert L. Eden, Eden & Davis, L.L.P., Dallas, for appellee.

Before Justices MOSELEY, O'NEILL, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

TX Arlington Oaks Apartments, Ltd. brought this suit against Joseph Brent Ziemian d/b/a Tarrant Restoration and Tarrant Restoration's counsel Timothy G. Pletta to recover the value of certain property taken in execution. The trial court granted summary judgment in TX Arlington's favor on its claim for wrongful execution and awarded damages in the amount of $5,796.94. The trial court then heard evidence on TX Arlington's motion for sanctions and sanctioned Tarrant Restoration and Pletta in the amount of $10,294.13. They appeal the trial court's final judgment and order of sanctions in twelve issues. For the reasons stated below, we affirm the trial court's summary judgment on the wrongful execution claim, and we vacate the award of sanctions.

## BACKGROUND

This wrongful execution suit is interwoven with a previous suit by Tarrant Restoration to recover monies owed to it, on which it obtained a default judgment and writ of execution, and involves the same facts. In April 2004, Tarrant Restoration repaired property owned by TX Arlington and submitted invoices in the amount of $275. Tarrant Restoration filed suit in justice court to collect on those invoices, asserting claims for breach of contract and quantum meruit. A check for $275 was tendered. However, a default judgment was entered against TX Arlington for $275 actual damages, prejudgment interest, and $1000 attorney's fees. Additional attorney's fees were awarded. A writ of execution in the amount of $5,796.94 was served,

and checks and money orders worth that amount were seized.

On the same day that the property was seized, TX Arlington filed a bill of review in the justice court. The justice court granted the bill of review and set aside the default judgment. The justice court imposed sanctions against Tarrant Restoration and Pletta, to whom part of the claim had been assigned. Tarrant Restoration and Pletta appealed to the county court at law for a trial de novo. The county court at law granted TX Arlington's motion for summary judgment on the bill of review and held a trial on Tarrant Restoration's claims. The county court at law rendered judgment that Tarrant Restoration take nothing on the underlying claim and imposed sanctions of $5000 against Tarrant Restoration and Pletta. We note that the county court at law's final judgment specifically addressed only the claim involving $275; it did not address or dispose of the additional attorney's fees and costs of court that amounted to the total seized in the writ of execution. Tarrant Restoration and Pletta appealed that decision to this Court.

After the justice court had granted the bill of review and set aside the default judgment but before the county court at law's final judgment in the appeal and trial de novo in the bill of review case was signed, TX Arlington initiated this suit by filing a petition for injunctive relief, motion for sanctions, and cause of action for wrongful execution. The case was assigned to County Court at Law No. 3. On TX Arlington's motion to transfer, the case was transferred to County Court at Law No. 5. The order states that "exclusive jurisdiction of this injunction proceeding filed by [TX Arlington] lies in the County Court at Law No. 5, where there is pending an appeal from the Justice Court of a Bill of Review trial...."

In its third amended petition, TX Arlington asserted causes of action for wrongful execution, conversion, tortious collection practices, and declaratory judgment; it also requested sanctions pursuant to rule of civil procedure 13. The third amended petition was filed after the county court at law's final judgment in the bill of review case was entered. TX Arlington relied on that final judgment to urge that the default judgment on which the execution was issued had been set aside, thus it was entitled under section 34.022 of the civil practice and remedies code to recover the value of the checks and money orders seized through execution of the writ. TX Arlington requested return of the sum of $5,796.94, attorney's fees, and exemplary damages. TX Arlington filed a motion for summary judgment on its wrongful execution, conversion, and declaratory claims. The county court at law granted summary judgment on the wrongful execution claim, awarding actual damages of $5,796.94, and denied the remainder of the motion. At a trial before the court, TX Arlington withdrew its other claims, leaving only its claim for sanctions. The court heard the motion for sanctions. The final judgment and order of sanctions recites judgment for TX Arlington for $5,796.94, pre- and post-judgment interest, and sanctions in the amount of $10,294.13 pursuant to rule of civil procedure 13. The court overruled appellants' motion for new trial. This appeal followed.

In the bill of review case, this Court affirmed the trial court's judgment setting aside the default judgment and granting a take nothing judgment. We vacated the sanctions. See *Tarrant Restoration v. TX Arlington Oaks Apartments, Ltd.,* 225 S.W.3d 721 (Tex.App.-Dallas 2007, pet. filed).

## JURISDICTION

The trial court's final judgment and order of sanctions provides: "As to the

wrongful execution claim, plaintiff is also awarded pre and post judgment interest as allowed by law." In their eleventh issue, appellants contend this final judgment and order of sanctions is interlocutory because the trial court failed to specify the accrual date, amount, and applicable rate of prejudgment interest.

A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). A final judgment must also be certain so that it can be enforced by writ of execution. *H.E. Butt Grocery Co. v. Bay, Inc.*, 808 S.W.2d 678, 680 (Tex. App.-Corpus Christi 1991, writ denied). Ministerial officers must be able to carry the judgment into execution without ascertainment of additional facts. *Id.* A judgment awarding an unascertainable amount cannot be final. *Id.* But not specifying the amount of prejudgment interest does not necessarily make a judgment uncertain or indefinite. *Shoreline, Inc. v. Hisel*, 115 S.W.3d 21, 24 (Tex.App.-Corpus Christi 2003, pet. denied), *disapproved on other grounds by Formosa Plastics Corp., USA v. Kajima Int'l, Inc.*, 216 S.W.3d 436, 465 (Tex.App.-Corpus Christi 2006, pet. filed). When the rate and means of calculating interest can be determined as a matter of law, it is not necessary that the amount be stated in the judgment. *Id.*

A prevailing plaintiff may recover prejudgment interest on damages that have accrued by the time of judgment. *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex.1986) (citing *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 554 (Tex.1985)). There are two legal sources for an award of prejudgment interest: (1) common law equitable principles, and (2) an enabling statute. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex.1998). In *Johnson &*

*Higgins*, the Texas Supreme Court harmonized the common law prejudgment interest accrual scheme with the Finance Code. *Id.* at 528–31 & n. 9; *see* Tex. Fin. Code Ann. §§ 304.101–.107 (Vernon 2006). Thus, prejudgment interest on TX Arlington's wrongful execution claim began accruing on the earlier of: (1) 180 days after appellants received written notice of TX Arlington's wrongful execution claim, or (2) the date TX Arlington filed suit. *See* Tex. Fin.Code Ann., §§ 304.101, .104; *Johnson & Higgins*, 962 S.W.2d at 528–31. The judgment does not specify the accrual date. However, no non-ministerial act is required to determine the date TX Arlington filed suit, which was March 18, 2005. *But see Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 443 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (discussing reference to record to establish accrual date).

Moreover, prejudgment interest accrues at the rate for postjudgment interest and is computed as simple interest. *Johnson & Higgins*, 962 S.W.2d at 532; Tex. Fin. Code Ann. § 304.104. Thus, although the judgment provided for prejudgment interest without specifying the accrual date, applicable rate, or amount, no additional facts need be ascertained, thus allowing ministerial officers to carry the judgment into execution. *See H.E. Butt Grocery Co.*, 808 S.W.2d at 680. We further conclude the judgment is not interlocutory on these grounds. The final judgment and order of sanctions provides that "[a]ll relief not granted herein is denied" and that it is "a final and appealable judgment." Our review of the record shows the final judgment and order of sanctions disposed finally and completely of all claims and parties. *See Lehmann*, 39 S.W.3d at 200. We resolve appellants' eleventh issue against them.

## SUMMARY JUDGMENT ON WRONGFUL EXECUTION

Issues one through six relate to the summary judgment on the statutory wrongful execution claim.

### Standard of Review

To prevail on summary judgment, a plaintiff must conclusively prove all elements of its cause of action as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986) (per curiam). An appellate court reviews a summary judgment *de novo* to determine whether a party's right to prevail is established as a matter of law. *Foreness v. Hexamer*, 971 S.W.2d 525, 527 (Tex.App.-Dallas 1997, pet. denied). In reviewing a summary judgment, an appellate court follows well-established procedures. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The party moving for summary judgment has the burden of establishing that there exists no material fact issue and the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, every reasonable inference must be indulged in the nonmovant's favor, and any doubts resolved in favor of the nonmovant. *See Nixon*, 690 S.W.2d at 548–49; *Espalin v. Children's Med. Ctr.*, 27 S.W.3d 675, 682 (Tex.App.-Dallas 2000, no pet.). An appellate court reviews a summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Wal–Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 568 (Tex.2006) (per curiam) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822–23 (Tex.2005)).

### Effect of Amended Petition

■ The record shows that TX Arlington filed its second amended petition, then filed its motion for summary judgment, and then filed a third amended petition. In their second issue, appellants contend the trial court erred in granting TX Arlington's motion for summary judgment because no pleadings supported summary judgment. Appellants argue that the second amended petition "no longer existed" when the court heard the motion for summary judgment. However, TX Arlington's third amended petition was before the court when it heard and ruled on the motion for summary judgment and contained the same allegations regarding the wrongful execution claim as the second amended petition. Appellants' authority is inapposite. *See Drake Ins. Co. v. King*, 606 S.W.2d 812, 817 (Tex.1980) (discussing status as judicial admissions of statements in amended pleadings). We resolve appellants' second issue against them.

### Emergency Motion for Leave to File Late Supplemental Response/for Continuance

Tarrant Restoration filed a response to TX Arlington's motion for summary judgment on October 20, 2005. The hearing on TX Arlington's motion for summary judgment was scheduled for February 3, 2006. On the day before that hearing, Tarrant Restoration filed "Defendant's Emergency Motion for Leave to File Late Response to Plaintiff's Motion for Summary Judgment and/or Emergency Motion for Continuance"; the motion was verified. The court separately denied each motion. In their third issue, citing authority relating only to motions for continuance, appellants argue the trial court abused its discretion in denying this motion because the facts stated therein were uncontroverted. *See Verkin v. Sw. Ctr. One, Ltd.*, 784 S.W.2d 92, 94

(Tex.App.-Houston [1st Dist.] 1989 writ denied) (holding court must accept statements in motion for continuance as true when in substantial compliance with rule, verified, and uncontroverted).

 "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." TEX.R. CIV. P. 166a(c). An appellate court reviews a trial court's ruling on a motion for leave to file a late summary judgment response for abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). A motion for leave to file a late summary judgment response should be granted when a litigant establishes good cause for failing to timely respond by showing that: (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake; and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. *Id.* at 688.

 "When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996) (citing TEX.R. CIV. P. 166a(g), 251, 252). The granting or denial of a motion for continuance is within the trial court's sound discretion and will not be disturbed except for clear abuse. *Verkin*, 784 S.W.2d at 94.

 In its motion, Tarrant Restoration requested leave to consider an affidavit that it alleged "conflicted" with TX Arlington's "entire case" and contradicted other evidence about the ownership of the seized funds. In the motion, Tarrant Restoration stated that the affidavit was material, "that diligence has been used to [sic] in filing its previous response, but that it only discovered the Affidavit [ ] on the night of February 1, 2006 while preparing for the hearing on February 3.2006." Further, "[o]n February 2, 2006, Defendant contacted [the affiant], but as he was out of the office, this Emergency Motion for Leave and/or for Continuance is presented for hearing so as justice may be done and to avoid an erroneous decision from the court."

However, appellants do not make any argument on appeal that Tarrant Restoration met any standard relating to its emergency motion for leave to file a late supplemental response. *See Carpenter*, 98 S.W.3d at 688 (establishing "good cause"). We conclude appellants have waived review of the trial court's ruling on that motion by failure to brief. *See* TEX.R.APP. P. 38.1(h).

 As to the arguments regarding the motion for continuance, the motion did not state that Tarrant Restoration did not have adequate time for discovery. *See Tenneco Inc.*, 925 S.W.2d at 647. Although the motion states diligence was used in filing the previous response, no facts are stated showing when the affidavit was obtained or why the affidavit was not previously discovered in the file in preparing for the hearing. *See* TEX.R. CIV. P. 252 (listing requirements to be shown when ground for application for continuance is "want of testimony" including showing "due diligence to procure such testimony, stating such diligence, and the cause of failure, if known"). Because there was no evidence in the record establishing the diligence requirement, we conclude no abuse of discretion is shown. Accordingly, we resolve appellants' third issue against them.

### Objections to Summary Judgment Evidence

■ In their fourth issue, appellants contend the trial court erred in overruling "each and every objection" they made to TX Arlington's summary judgment evidence. Appellants argue under this issue that they objected to TX Arlington's "use of res judicata and/or collateral estoppel." Although appellants refer to objections made in their response to the motion for summary judgment, those objections were to the lack of evidence relating to those theories. Although appellants objected at the sanctions hearing to admission of the judgment from the bill of review case, the trial court overruled that objection. Appellants do not direct any argument on appeal to that ruling. Accordingly, they have waived error as to that objection. *See* Tex.R.App. P. 38.1(h). We resolve appellants' fourth issue against them.

### Merits of the Summary Judgment Motions

TX Arlington's single claim in this suit is rooted in this statutory provision:

> A person is entitled to recover from the judgment creditor the market value of the person's property that has been seized through execution of a writ issued by a court if the judgment on which execution is issued is reversed or set aside but the property has been sold at execution.

Tex. Civ. Prac. & Rem.Code Ann. § 34.022(a) (Vernon 1997). Both parties moved for summary judgment on this claim. In their fifth issue, appellants contend (1) TX Arlington failed to meet its summary judgment burden, and (2) the trial court should have granted appellants' motion. When both parties move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Tex. Workers' Compensation Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004).

### TX Arlington's Motion for Summary Judgment

■ To prevail on its motion, TX Arlington was required to establish that a judgment creditor seized its property pursuant to a writ of execution, and that the judgment on which that writ had been based was reversed or set aside. Appellants' own summary judgment evidence shows that, pursuant to a writ of execution following the default judgment in appellants' favor, the constable took possession of the money orders and checks and deposited them with the justice court; the money orders and checks were picked up by Pletta in satisfaction of that judgment. TX Arlington offered the county court at law's July 27, 2005 final judgment granting TX Arlington's bill of review and ordering that Tarrant Restoration take nothing on its claims. TX Arlington therefore established its right to summary judgment on its statutory claim pursuant to section 34.022. The burden then shifted to appellants to bring forth evidence creating an issue of fact.

In their response to the motion for summary judgment, appellants made two arguments directed specifically to the wrongful execution claim: there was no evidence either of them participated in the execution; and "[a]s the judgment was valid and subsisting until annulled in a direct proceeding, that to which is being challenged on appeal by [appellants], the execution issued upon it was, of course, not void, and was capable of enforcement against [TX Arlington's] property," and therefore there was no wrongful execution. It is true that

TX Arlington titles its claim "wrongful execution," but there is no element of malice or deceit in this statutory claim. On the contrary, the statute appears to presume an execution that was valid at the time it was made, followed by a change in circumstances that would make it unjust for the executing party to retain the value of the property seized.

Appellants also argue that TX Arlington moved for summary judgment based on the "previous erroneous judgment" in the bill of review case. TX Arlington identified "Res Judicata/Collateral Estoppel" as grounds for summary judgment in its motion. TX Arlington argued that the bill of review case adjudicated the issue regarding the default judgment and also the issue of the "underlying $275 claim," and, as a result, appellants were barred from re-litigating whether the default judgment should be set aside, the $275 claim, and "whether there exists a judgment in favor of [appellants] and against TX Arlington that could support the retention of the $5,796.94 that was taken from TX Arlington pursuant to the Writ of Execution." Appellants argue that TX Arlington failed to prove the theories of collateral estoppel and res judicata.

■■■■■ TX Arlington's right to prevail on its section 34.022 clam is based on the setting aside in the bill of review case of the default judgment on which the writ was issued, not whether the bill of review case itself was properly decided. TX Arlington's res judicata/collateral estoppel argument speaks to the finality of the bill of review judgment for purposes of precluding its re-litigation in *this* proceeding. We are, of course, aware that the bill of review judgment continues to be litigated in the bill of review appeal. However, even though an appeal may be pending, a judgment may be final for certain purposes. For example, a judgment can be final in

the sense that execution will issue in the absence of a supersedeas bond. *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex.App.-San Antonio 2002, pet. denied). And, for purposes of claim and issue preclusion, "a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo." *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986). Thus, the bill of review judgment setting aside the default judgment is final for purposes of section 34.022, and that judgment has preclusive effect as to TX Arlington's statutory claim. *See id.*

We conclude the summary judgment evidence—the county court at law's final judgment in the bill of review case setting aside the default judgment, and appellants' admission that they received the proceeds of the writ of execution—establishes TX Arlington's right to judgment on the statutory claim. The trial court did not err in granting summary judgment for TX Arlington.

### Appellants' Motion for Summary Judgment

Appellants argue their own motion for summary judgment established the default judgment in their favor was valid so there could be no actionable wrongful execution claim. As we pointed out above, this case involves the fact that the default judgment was set aside in the bill of review proceeding, not the propriety of the decision to do so. Thus, whether the county court at law's decision in the bill of review case could be reversed and rendered on appeal is not at issue in considering TX Arlington's statutory wrongful execution claim. Moreover, appellants' potential claims against TX Arlington if the set-aside default judgment were later reinstated on appeal are not before us here. Accordingly, appellants' arguments concerning the

validity of the default judgment cannot defeat TX Arlington's right to prevail on its section 34.022 claim. The trial court correctly denied appellants' motion for summary judgment.

Our resolution of this issue governs at least two others. In their first issue, appellants direct our attention to the bill of review case and its appeal, our cause number 05–05–01411–CV, and argue TX Arlington must prevail in that case to prevail in its claim for wrongful execution. However, all of appellants' argument under this first issue are directed to the merits of the bill of review cause and why it was purportedly improperly decided. As we have concluded, that issue is not before us.

▪ In their sixth issue, appellants argue the trial court "erred in applying the doctrines of collateral estoppel and res judicata in this case thereby barring Appellants' defenses which were never litigated, fully, fairly or otherwise, in [the bill of review case]. . . ." As noted above, collateral estoppel and res judicata were argued in TX Arlington's motion for summary judgment to support its argument that the bill of review judgment had preclusive effect in the wrongful execution case. TX Arlington's position is legally sound. *See Scurlock Oil,* 724 S.W.2d at 6. Thus, appellants were barred from re-litigating in this case the issues underlying the setting aside of the default judgment or whether there was a judgment supporting appellants' retention of the funds. Appellants' argument that their defensive claims in the bill of review case were not actually litigated is misplaced in this appeal of the wrongful execution claim.

We resolve appellants' first, fifth, and sixth issues against them.

## SANCTIONS

Issues seven through ten relate to the granting of sanctions pursuant to rule of civil procedure 13.

*Applicable Law and Standard of Review*

▪ Rule 13 provides for sanctions based on the signing of pleadings, motions, and other papers and provides in pertinent part:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. . . . . If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanctions available under Rule 215–2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. 'Groundless' for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. . . . . The amount requested for damages does not constitute a violation of this rule.

TEX.R. CIV. P. 13. Bad faith is not simply bad judgment or negligence, but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Elkins v. Stotts–Brown,* 103 S.W.3d 664, 669 (Tex.App.-Dallas 2003, no pet.). " 'Harass' is used in a variety of legal contexts to describe words, gestures, and actions that tend to annoy, alarm, and verbally abuse another person." *Id.*

▪ We review the imposition of sanctions pursuant to rule 13 under an

abuse of discretion standard. *Low v. Henry,* 221 S.W.3d 609, 614 (Tex.2007). We may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable. *Id.* To determine if the sanctions were appropriate or just, we must ensure there is a direct nexus between the improper conduct and the sanction imposed. *Id.; TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). Generally, courts presume that pleadings and other papers are filed in good faith. *Low,* 221 S.W.3d at 614. The party seeking sanctions bears the burden of overcoming this presumption of good faith. *Id.*

### Order on Sanctions

The final judgment and order of sanctions states as follows:

The court finds and concludes that [appellants] violated rule 13 and that good cause exists to render sanctions. Specifically, the court finds and concludes as follows:

a. Defendants' February 28, 2006 Second Supplemental Answer and Counterclaim, as well as defendants' previously filed pleadings in this case, contain numerous specific denials and affirmative defenses that bear no reasonable relation to matters at issue in the present case. The court finds that defendants' pleadings are an attempt to re-litigate issues that were previously decided in a bill of review that was before this court under cause no. 05–02519–e [note 2 notes final judgment in bill of review case] or which are pending in a wrongful garnishment proceeding between [TX Arlington] and [appellants] in the 193rd District Court, Dallas County, Texas, un-

der cause no. 04–12436. The court finds that defendants' pleadings in the present case set forth claims or defenses for which there is no basis in law or fact and which are not warranted by a good faith argument for the extension, modification or reversal of existing law. Such pleadings filed by [appellants] include defendants' Second Supplemental Answer and Counterclaim Section II(a)-(p) and Section III(a), (f)-(h), (j), (k), (h), (I), (k) [note 3 notes duplicate paragraphs] and (m)-(o), which the court finds are groundless and in bad faith or groundless and brought for the purpose of harassment.

b. The court's judgment in [the bill of review case] set aside the default judgment under which defendants levied by writ of execution the sum of $5,976.94. The court, also in the [bill of review case], following a trial de novo, entered judgment that [Tarrant Restoration] take nothing on a claim for contract or account damages against [TX Arlington]. [note 4 states that the contract or account claim was the claim underlying the default judgment taken in the justice court]. Following the court's judgment in [the bill of review case], the court finds that [appellants] had no legal or good faith claim to the monies in conjunction with the writ of execution. Nevertheless, defendants refused to return the $5,976.94. Instead, defendants filed pleadings in defense of the present lawsuit that had no basis in law or fact and were not warranted by a good faith argument for the extension, modification or reversal

of existing law. The defenses were groundless and in bad faith or groundless and brought for the purpose of harassment.

c. At the March 8th hearing defendants presented testimony and argument regarding the amount of attorneys' fees they have incurred. This testimony and argument was presented in conjunction with defendants counter-claim for sanctions. The court does not believe that defendants asked for a specific amount in sanctions, but the record will reflect that they were seeking somewhere in the range of forty to fifty thousand dollars. The court finds that the attorneys' fees alleged by [appellants] to have been incurred are grossly disproportionate to the amount in controversy [note 5 states that the original claim in justice court was $275 plus attorney's fees and amount levied by writ of execution was $5,796.94], and that defendants generated attorney's fees in conjunction with their counter-claim in a manner that was groundless and in bad faith or groundless and for the purpose of harassment.

d. While this lawsuit was pending, Timothy G. Pletta filed a grievance against Robert L. Eden, counsel for [TX Arlington]. The grounds for the grievance mirror one of the defenses asserted by defendants in the present lawsuit. The court notes that the State Bar dismissed the grievance because it did not allege professional misconduct or disability. The court finds that Mr. Pletta filed the grievance in an attempt to obtain a tactical advantage in this litigation, and the filing of the

grievance is probative evidence of the harassment element of rule 13.

e. Based upon the above recited findings and conclusions, as well as the discussion, analysis, comments, and rulings of the court at hearings and in the trial in this cause, all as reflected in the reporter's and clerk's records, and all of which are incorporated into this final judgment and order, the court finds that good cause exists to render sanctions against [appellants], jointly and severally, in the amount of $10,294.13.[6]

In note 6, the judgment explained how the court calculated the amount of sanctions pursuant to rule of civil procedure 215.2(b) regarding attorney's fees.

### Discussion

■■■ In their eighth issue, appellants contend the trial court abused its discretion by imposing sanctions of $10,294.13. First, they argue that sanctions were awarded, in part, for alleged conduct wholly unrelated to signing pleadings, motions, or other papers, as required by rule 13. They direct our attention specifically to paragraphs b, c, and d. Paragraph c relates to "testimony and argument"; paragraph d relates to a grievance filed with the State Bar. As to these paragraphs, we agree that they do not relate to any pleadings, motions, or other papers filed in the trial court. *See* Tex.R. Civ. P. 13. Accordingly, the trial court abused its discretion in awarding sanctions pursuant to paragraphs c and d. We resolve appellants' first issue in their favor to this extent. Appellants' tenth issue is also directed to paragraph d, and it is resolved in their favor.

As to paragraph b, we disagree that it is "wholly unrelated to signing pleadings"

pursuant to rule 13. Although not specifically mentioned in the order, TX Arlington argued at the hearing on its motion for sanctions that appellants' response in opposition to TX Arlington's motion for summary judgment violated rule 13, and specifically that res judicata and collateral estoppel argued in the response "have nothing to do with this lawsuit." TX Arlington compared the response to the Second Supplemental Answer and Counterclaim, signed by Pletta, which is the only defensive pleading specifically identified in the order of sanctions (in paragraph a). Also in their eighth issue, appellants argue that sanctions were improper because this pleading was neither groundless and brought in bad faith nor groundless and brought for the purpose of harassment. Accordingly, because the response to the motion for summary judgment is a "defensive pleading" arguably included within paragraph b and overlaps in regards to the argument for the imposition of sanctions with the Second Supplemental Answer and Counterclaim specifically mentioned in paragraph a, we consider them together in determining whether they support the imposition of sanctions.

Most of the sections in the Second Supplemental Answer and Counterclaim relate to the issues in the bill of review case. In addition, TX Arlington argued at the sanctions hearing that appellants filed this pleading to avoid returning the money. However, there was also evidence that appellants believed that the setting aside of the default judgment was not final because it was on appeal with the possibility of reversal. At the sanctions hearing Pletta referred to "abandonment of pleadings," apparently believing it was necessary to preserve his position on the issues in the bill of review case because the issue of the ownership of the funds was not final pending appellate review. In addition, section II, paragraph (L)(7) of the Second Supple-

mental Answer and Counterclaim, among those provisions specifically referred to in paragraph a, states: "[Tarrant Restoration] specifically denies that Collateral Estoppel and/or Res Judicata apply in this proceeding as: the trial court's 'do over' judgment in [the bill of review case] is not a final judgment as the same is on appeal." As explained above, the county court at law's judgment setting aside the default judgment was final for purpose of the statutory wrongful execution claim. As stated by TX Arlington, it had preclusive effect on that claim. However, because the bill of review case and this case ultimately concerned the ownership of the funds, if the appeal of the bill of review case resulted in a reinstatement of the default judgment, litigation of the ownership of the funds could have continued. *See Scurlock Oil Co.,* 724 S.W.2d at 6 (noting a "disadvantage" to final-for-purposes-of-preclusion rule: "A judgment in a second case based on the preclusive effects of a prior judgment should not stand if the first judgment is reversed."). As applied to this case, if the bill of review case were reversed and rendered on appeal, either in this Court or the supreme court, an effect could be reversal of the judgment on which the wrongful execution claim is based and the reinstatement of the default judgment on which the writ of execution issued.

It was Tarrant Restoration and Pletta's position in the county court at law, and their position here, that TX Arlington did not take any actions available to them under the rules of civil procedure to intervene in the execution until they filed a bill of review, and their failure to take such action showed they were not entitled to a bill of review. In light of the interrelatedness of these two suits on the ultimate issue of the ownership of the funds, we cannot conclude that the allegations in the Second Supplemental Answer and Coun-

**562**

terclaim, or the arguments in the response to TX Arlington's motion for summary judgment, were groundless, in bad faith, or for the purpose of harassment. Appellants may have been incorrect in their understanding of the finality of the county court's judgment as regards the statutory wrongful execution claim, but a reversal in the bill of review case would put at issue the ownership of the funds. Accordingly, we conclude the trial court abused its discretion in imposing sanctions pursuant to rule 13, and we resolve appellants' eighth issue in their favor to this extent.

Because of our disposition of appellants' eighth issue, we need not address the remainder of appellants' issues and arguments related to sanctions.

## APPELLANTS' REQUEST FOR SANCTIONS

In their twelfth issue, appellants contend the trial court should have granted their attorney's fees either as the prevailing party on their counterclaim or as sanctions afforded under rules of civil procedure 215 and 13 and chapters 9 and 19 of the civil practice and remedies code. In their second supplemental answer and counterclaim, appellants requested sanctions based on actions allegedly taken in the bill of review case. Because the grounds for the requested sanctions did not relate to the wrongful execution claim, we conclude the trial court did not abuse its discretion in impliedly deciding this issue against appellants. We resolve appellants' twelfth issue against them.

## CONCLUSION

Because of our disposition of appellant's eighth issue, we vacate the award of sanctions. Because of our disposition of appellant's issues as to the summary judgment on the wrongful execution claim, in all other respects, the final judgment and order of sanctions is affirmed.