In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00437-CV
_____


TEXAS ALLIANCE OF ENERGY PRODUCERS – WORKERS'
COMPENSATION SELF-INSURED GROUP TRUST, Appellant

V.

JOHN BENNETT, Appellee

On Appeal from the 253rd District Court
Liberty County, Texas
Trial Cause No. CV1104807

**MEMORANDUM OPINION**

The dispositive issue before the Court in this appeal concerns whether the trial court still had plenary jurisdiction over the case when it rendered the order from which the appellant elected to pursue this appeal. We conclude that the trial court no longer possessed plenary jurisdiction to enter the order from which the appellant has appealed because approximately six months before signing the order at issue, the

1

trial court had signed an order that became final and the appellant failed to appeal from the trial court's earlier final order. Consequently, we hold that the order from which the appellant elected to appeal is void and that it must be vacated.

Background

On August 30, 2006, John Bennett suffered a work-related injury while driving a truck for his employer, Hercules Transport, Inc.[1] Based on the work-related injuries Bennett received in the collision that occurred while he was driving his

---

[1] We have previously decided two petitions for mandamus in connection with this suit. *In re Tex. All. of Energy*, No. 09-14-00521-CV, 2015 Tex. App. LEXIS 553 (Tex. App.—Beaumont 2015, no pet.) (conditionally granting, in part, the relief that Texas Alliance requested regarding Bennett's extra-contractual damage claims); *In re Tex. All. of Energy*, No. 09-15-00263-CV, 2015 Tex. App. LEXIS 9213 (Tex. App.—Beaumont 2015, no pet.) (directing the trial court to dismiss Bennett's medical benefits claims because the trial court did not have jurisdiction over them). In response to these rulings, Bennett apparently filed another suit in another cause number against Texas Alliance, and this suit was assigned trial court cause number CV1104807. *See In re Tex. All. of Energy Producers*, No. 09-17-00364-CV, 2017 Tex. App. LEXIS 10784 (Tex. App.—Beaumont 2017, no pet.). Texas Alliance also filed a petition for mandamus in that cause, its third mandamus complaint addressing matters that related to Bennett's efforts to file a suit based on claims that Bennett had not first presented to the Texas Department of Insurance, Workers' Compensation Division (the Department). Generally, Bennett attempted to pursue extra-contractual claims in court over Texas Alliance's alleged mishandling of his claim for workers' compensation benefits. In connection with the third mandamus proceeding, we once again directed the trial court to dismiss Bennett's suit because the trial court lacked subject-matter jurisdiction over Bennett's allegations that his claims had been mishandled since he failed to first present his claims about Texas Alliance allegedly mishandling his claims to the Department before he filed suit. *Id.* at *3.

employer's truck, Bennett filed a workers' compensation claim against Texas Alliance, Hercules Transport's workers' compensation carrier. After Bennett's compensation claim was adjudicated by the Department of Insurance, Workers' Compensation Division (the Department), Bennett challenged the award by appealing it for further proceedings in the 253rd District Court. After several years of litigation, Bennett filed a motion for summary judgment on his compensation claim, alleging that no issues of fact existed regarding his claim that he was entitled to compensation benefits in a greater amount than those he was awarded when his claim was decided by the Department. Based on Bennett's motion, the trial court signed a summary-judgment order in Bennett's favor on April 20, 2016. The April order adjudicated Bennett's claim for supplemental income benefits. When the trial court signed the April summary-judgment order, Bennett's claim for supplemental income benefits was the only remaining claim that was before the trial court at that stage of the proceedings.[2] However, the language the trial court used in its April summary-judgment order contains neither language stating that the order was intended to be final, nor does the order contain "Mother Hubbard" language, indicating that the trial court recognized that its order disposed of Bennett's last

_____

[2] The trial court ruled that Bennett could recover attorney's fees based on an earlier interlocutory order dated April 4, 2016.

remaining claim.[3] Despite the fact the trial court did not include any express language to indicate that its April 2016 summary-judgment order was final, both of the parties agree in the briefs they filed in this Court that the trial court's April summary-judgment order was both final and appealable despite the fact that it contains no express language to indicate that the order was intended by the trial court as the court's final order.

Within thirty days of the date the trial court signed the April summary-judgment order, Bennett asked that the trial court clarify the order so the order expressly stated the monetary amount that Bennett was to receive in prejudgment interest.[4] Subsequently, in late June 2016, Bennett filed a motion requesting that the trial court increase his compensation award by $58,924,[5] a figure that did not include interest, and increase the attorney's fees previously awarded under the April summary-judgment order by $14,731.

---

[3] A "Mother Hubbard" clause is a catch-all statement designed to signify that all relief not expressly granted in the case is denied. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 198 (Tex. 2001).

[4] The April summary-judgment order did not award a dollar amount regarding Bennett's prejudgment statutory interest award; instead, the order awarded Bennett compensation benefits totaling $92,232 "[p]lus Statutory Interest."

[5] All monetary amounts that are referred to in the opinion have been rounded to the nearest dollar.

4

In October 2016, the trial court held a hearing on Bennett's request to increase the principal and attorney's fees the trial court had awarded Bennett in its April summary-judgment order. During the hearing, Bennett and Texas Alliance provided the trial court with competing expert reports, which conflict, addressing how these experts thought Bennett's supplemental income benefits award should have been calculated. Neither report suggested that the trial court had awarded Bennett the correct amount he was entitled to receive in supplemental income benefits as compared to the amount Bennett received under the trial court's April summary-judgment order. At the conclusion of the hearing, the trial court advised the parties that it respected the opinion of Bennett's expert, a certified public accountant, and that it would increase Bennett's supplemental income benefits award to make it consistent with the calculations provided by Bennett's expert.

On October 12, 2016, the trial court signed an order that is titled "Order Granting Additional Interest and SIBS Payments and Order for Funds to be Placed Into the Court Registry." The October order substantially alters the April order in several ways—it increased the amount Bennett received in compensation benefits, increased the amount Bennett received in statutory interest, and increased the amount Bennett was awarded in attorney's fees.

5

While Texas Alliance filed a timely notice of appeal from the trial court's October 2016 order, it did not file a timely notice of appeal from the trial court's April 2016 summary-judgment order. After the parties filed their briefs, and after this Court became aware that the trial court's April order disposed of Bennett's last live claim, we directed this Court's clerk to notify the parties of our request that they file supplemental briefs to address whether the trial court still had plenary power over the cause in October 2016 when it signed the order from which Texas Alliance filed its notice of appeal. *See* Tex. R. App. P. 38.9(b). In response to our request, the parties filed supplemental briefs. In these, the parties agree that the April 2016 summary-judgment order was final, but they disagree about whether the trial court still had any power to change the supplemental income benefits and attorney's fees the trial court awarded in its April 2016 summary-judgment order.

Texas Alliance argues that by the date the trial court signed the October 2016 order, it no longer had jurisdiction over the case because the court's plenary power to change its orders had expired. In contrast, Bennett argues that the changes the trial court made to its April 2016 summary-judgment order were only clerical. He suggests that a trial court may always correct clerical errors even when the court's plenary power to change its prior orders has expired.

## Jurisdiction

A trial court has only a limited period of time in which to make substantive changes to orders that it signs that are final. Tex. R. Civ. P. 329b. Rule 329b(d) provides that when no post-judgment motions to alter the trial court's judgment are filed, the trial court retains plenary power to make substantive changes to a final judgment for a period of only thirty days. Tex. R. Civ. P. 329b(d). However, when a party files a timely post-judgment motion to alter a final judgment, the trial court's plenary power to make substantive changes to a judgment is extended for a short period that begins to run on the date the judgment was signed. Tex. R. Civ. P. 329b(e) (extending the trial court's plenary power if a post-trial motion such as a motion for new trial is filed for "thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first"). If a trial court acts outside its plenary power by signing a judgment or order after its power to alter the original judgment or order has expired, the judgment or order that purports to modify the original judgment or order the trial court rendered is void. Tex. R. Civ. P. 329b(f); *see Moore Landrey, L.L.P. v. Hirsch & Westheimer*, *P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims." *McFadin v. Broadway Coffeehouse, LLC,* 539 S.W.3d 278, 283 (Tex. 2018).

The parties in this case do not dispute that the trial court's April 2016 summary-judgment order disposed of Bennett's last remaining claim, nor do they dispute that the April summary-judgment order became both final and appealable. After independently reviewing the parties' pleadings,[6] the trial court's interlocutory orders rendered before the April 20, 2016 order, which partially disposed of some of Bennett's issues, and the trial court's April 2016 summary-judgment order, which disposed of all of Bennett's remaining issues not previously resolved, we conclude

---

[6] Bennett filed a post-judgment motion asking the trial court to reduce the amount Texas Alliance owed him in statutory interest to a stated dollar figure, but this motion did not extend the trial court's plenary power under Rule 329b because granting Bennett's request merely would have converted the trial court's award of statutory interest to a dollar amount, resulting in no actual alteration of the amount of the award. Reducing the award in a judgment of interest to a dollar figure does not represent a substantive change in a final order or judgment because judicial reasoning is not involved when a court is merely calculating interest. *See generally Navarra v. Landeen*, No. 03-97-00456-CV, 1998 Tex. App. LEXIS 6141, *7 (Tex. App.—Austin 1998, pet. denied); *Olympia Marble & Granite v. Mayes*, 17 S.W.3d 437, 441 (Tex. App.—Houston [1st Dist.] 2000, no pet.); *Ziemian v. TX Arlington Oaks Apartments, Ltd.*, 233 S.W.3d 548, 553 (Tex. App.—Dallas 2007, pet. dism'd). And, even if Bennett's post-trial motion qualifies as a post-trial motion that sought to alter the judicial decisions the trial court made in rendering the judgment, the trial court's plenary power over its April 2016 summary-judgment order expired in early August, 2016. *See* Tex. R. Civ. P. 329b(c) (providing that motions for new trial, to modify, or to reform a judgment, if not determined by a written order, are deemed overruled by operation of law seventy-five days following the date the trial court signed the judgment); *id.* 329b(e) (providing that the court may vacate, modify, correct or reform a judgment if a motion for new trial is filed by any party for a period until "thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first").

the trial court's April 2016 summary-judgment order was a final order even though the order contains no express language of finality. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

By October 2016 when the trial court signed the October order increasing Bennett's awards, the trial court no longer possessed plenary jurisdiction to increase the amounts it had awarded Bennett in supplemental income benefits and attorney's fees. *See* Tex. R. Civ. P. 329b(f). The trial court no longer possessed plenary power over the case because when the trial court signed its October 2016 order, more than 105 days had passed since it signed the April 2016 summary-judgment order. *See* Tex. R. Civ. P. 329b(f) (prohibiting a trial court from altering a judgment except by bill of review after its plenary power expires); Tex. R. Civ. P. 329b(e) (providing that when a party files a timely motion for new trial or other motion to alter the substance of a final judgment, the court's plenary power is extended for a period, depending on the date the trial court signs a written order regarding the post-trial motion, that is no more than 105 days from the date the trial court signed the final order).

In his brief, Bennett suggest that the corrections the trial court made to its April 2016 summary-judgment order were changes the trial court made merely to correct clerical errors. But, a review of the report the trial court relied on to change

9

Bennett's supplemental income benefits award reflects that the trial court made a substantive change to Bennett's supplemental income benefits award based on the interpretation provided by Bennett's expert regarding how Bennett's award should have been calculated. While the Rules of Procedure authorize trial courts to correct clerical mistakes they make when *entering* a final judgment, the Rules do not allow corrections that a judge makes in *rendering* a judgment. *See* Tex. R. Civ. P. 316 (Correction of Clerical Mistakes in Judgment Record); *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167 (Tex. 2013) ("A clerical error is one which does not result from judicial reasoning or determination."); *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986) (noting that "[a] judicial error is an error which occurs in the *rendering* as opposed to the *entering* of a judgment").

In this case, the trial court's alleged errors in the competing orders involved judicial reasoning, as the trial court's alleged error regarding calculating Bennett's supplemental income benefits award relied on the report of Bennett's expert, which was information that was not before the trial court when it rendered its April 2016 summary-judgment order. This error cannot fairly be characterized clerical, since "[a] clerical error is one which does not result from judicial reasoning or determination." *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986). In this case, the October 2016 order changed the supplemental income benefits and attorney's

10

fees awarded under the trial court's April summary-judgment order by more than $65,000.

"[A]fter a judgment has become final, the trial court may . . . not correct judicial errors." *Id.* We hold the "corrections" at issue in this case sought to alter a decision the trial court made that was based on the court's judicial reasoning; therefore, we reject Bennett's argument that the changes at issue amount merely to the correction of clerical errors. We hold the trial court's plenary power to alter its April 2016 summary-judgment order expired long before the trial court signed its October 2016 order increasing Bennett's awards.

Because we have decided that the trial court did not have jurisdiction to alter its April order, and because Texas Alliance did not perfect an appeal from the April order, we must address the remedy that is required to resolve this appeal. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012). Under Texas law, judgments and orders that are signed by trial courts after they have lost their plenary power are void by operation of law. *Id.* As an intermediate court of appeals, our duty in such cases is to declare orders and judgments that are void as void orders and order them vacated. *Id.*

11

## Conclusion

We hold the trial court's October 2016 order is void and that its April 2016 summary-judgment order was final. We vacate the trial court's order dated October 12, 2016, and we dismiss Texas Alliance's appeal because it did not file a timely notice of appeal from the trial court's April 2016 summary-judgment order. We need not reach Texas Alliance's remaining arguments attacking the validity of the October 2016 order on other grounds given our conclusion that the October 2016 order is void. *See* Tex. R. App. P. 47.1 (requiring the appellate court to issue a written opinion that is as brief as practicable but that addresses all issues necessary to a final disposition of the case being appealed).

ORDER VACATED, APPEAL DISMISSED.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿  
HOLLIS HORTON  
Justice

Submitted on March 13, 2018  
Opinion Delivered May 17, 2018

Before McKeithen, C.J., Kreger and Horton, JJ.