**AFFIRM; Opinion Filed June 27, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00417-CV

## MINSK FINANCE, LLC, GP ACQUISITIONS, LLC, AND TRAVIS KASPER, Appellants
## V.
## TANDEM, INC., Appellee

### On Appeal from the 44th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-19-08833

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Schenck

Minsk Finance, LLP, GP Acquisitions, LLC, and Travis Kasper appeal the
trial court's judgment in favor of Tandem, Inc. In two issues, appellants argue the
trial court committed reversible error in signing a nunc pro tunc judgment and in not
providing appellants with notice of the hearing that preceded it. In a third issue,
appellants challenge the evidence to support the judgment. We affirm. Because all
issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

BACKGROUND

In June of 2019, Tandem filed suit against appellants, asserting claims for breach of contract, promissory estoppel, fraud, fraudulent inducement, fraud by misrepresentation in a real estate transaction, and declaratory relief. After appellants answered with a general denial, Tandem filed a motion for summary judgment on all of its causes of action against appellants, which was granted on September 1, 2020.[1]

On January 7, 2021, Tandem filed a motion for judgment nunc pro tunc asking the trial court to sign a judgment that enumerated the amounts of damages, attorney's fees, costs, and interest awarded to Tandem, which the September 1, 2020 summary judgment order did not do.[2] The following day, the trial court signed an order titled "Order on Plaintiff's Motion for Summary Judgment," in which the trial court granted Tandem's earlier motion for partial summary judgment and awarded specific amounts of damages, attorney's fees, court costs and expenses, and interest, as well as declaratory relief to Tandem. Subsequently, appellants filed motions for new

---

[1] That initial summary judgment was interlocutory. Tandem pursued additional claims against another party. It non-suited those claims on October 20, 2020.

[2] In that motion Tandem averred it "specified the relief it seeks, including the amount of attorneys' fees it is owed and the declaratory relief sought, in its Motion for Summary Judgment and the affidavits of Dawn Rickabaugh and Daniel McCabe attached thereto."

trial, which the trial court did not grant.[3]  On June 4, 2021, appellants filed this restricted appeal.

## DISCUSSION

In their first issue, appellants argue the trial court committed reversible error by granting Tandem's motion for judgment nunc pro tunc because the order corrected a judicial error instead of a clerical error.  According to appellants, Tandem's January 7, 2021 motion was an untimely attempt to modify the September 1, 2020 order, which became final when Tandem non-suited the remaining defendant on October 20, 2020.  *See* TEX. R. CIV. P. 329b (deadline for filing motion to modify judgment is thirty days).

Only a judgment that disposes of all parties and all claims is final.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).  To dispose of a claim, a judgment must be sufficiently certain so that it can be enforced by writ of execution. *Ziemian v. TX Arlington Oaks Apartments, Ltd.*, 233 S.W.3d 548, 553 (Tex. App.—Dallas 2007, pet. stricken).  Ministerial officers must be able to carry the judgment into execution without ascertainment of additional facts.  *Id.*  A judgment awarding an unascertainable amount cannot be final.  *Id.*

---

[3] Tandem includes as an appendix an order it claims is the trial court's order denying appellants' post-judgment motions.  That order does not appear in the clerk's record or in the docket sheet filed with this Court.  In any event, regardless of whether the trial court denied the motions, the result remains the same. *See* TEX. R. CIV. P. 329b(e).

Here, the September 1, 2020 order granted Tandem's motion for partial summary judgment, but it did not order that Tandem recover any amounts of damages or attorney's fees or costs or interest, nor did it specify any declaratory relief, although the motion requested declaratory relief. Additionally, Tandem indicated that because the September 1, 2020 order did not specify the amounts of relief granted, it was unable to abstract its judgment. Thus, we conclude no final judgment had been entered at the time Tandem filed its motion for judgment nunc pro tunc.

Although the motion is titled as a "Motion for Judgment Nunc Pro Tunc under Texas Rule of Civil Procedure 316," we look to the substance of a motion to determine the relief sought, not merely to its title. *See In re Estate of Hutchins*, 391 S.W.3d 578, 585 (Tex. App.—Dallas 2012, no pet.). Because no final judgment had been entered at the time Tandem filed its January 7, 2021 motion, because that motion sought a judgment with an ascertainable amount, and because the amounts of damages and other relief awarded were supported by evidentiary exhibits to the motion for summary judgment, we construe the substance of the motion to be to enter judgment per rule 305 of the rules of civil procedure. *See* TEX. R. CIV. P. 305; *see also id.* Further, the January 8, 2021 order includes a paragraph not in the earlier September 1, 2020 order, which states as follows:

> This Order disposes of all parties and all claims and is final and appealable. This judgment shall operate as a conveyance to the parties so named of the real property described herein and title to such real

property passes as ordered herein, without the necessity of any further action by the party being divested of title. This judgment shall serve as a muniment of title to transfer ownership of all property awarded to either party.

Accordingly, we conclude the January 8, 2021 order is the final judgment, and we overrule appellants' first issue.

Having concluded the January 8, 2021 order was the final judgment, we address Tandem's arguments that this Court lacks jurisdiction to consider this restricted appeal. To invoke this Court's jurisdiction with a restricted appeal, the filing party must show that the party:

(1) filed notice of the restricted appeal within six months after the judgment was signed;

(2) was a party to the underlying lawsuit; [and]

(3) did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law.

*See Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020). According to Tandem, the court's January 8, 2021 order corrected a clerical error and did not substantively alter any relief already granted. As noted, we disagree and instead hold that appellants filed their appeal within six months of the judgment. *See id.*

Tandem further argues that appellants filed post-judgment motions, thus precluding them from filing a restricted appeal. Although appellants filed post-judgment motions on February 11, 2021, and June 4, 2021, neither of these motions were timely. *See* TEX. R. CIV. P. 329b(a) (motion for new trial must be filed within

thirty days after judgment or other order complained of is signed); *see also Ex parte E.H.*, 602 S.W.3d at 495 (only those parties who participated with timely post-judgment motions precluded from restricted appeals). Accordingly, we conclude we have jurisdiction over this restricted appeal.

In their second issue, appellants urge that the trial court erred by not providing appellants with notice of the hearing in person or by submission on Tandem's motion for judgment nunc pro tunc.

Rule 316 of the Texas Rules of Civil Procedure provides:

> Clerical mistakes in the record of any judgment may be corrected by the judge in open court according to the truth or justice of the case after notice of the motion therefor has been given to the parties interested in such judgment, as provided in Rule 21a, and thereafter the execution shall conform to the judgment as amended.

TEX. R. CIV. P. 316. The rules of civil procedure require the same notice for motions for judgment as motions for judgments nunc pro tunc. *Compare* TEX. R. CIV. P. 305 *with* TEX. R. CIV. P. 316.

Here, the record reflects Tandem filed its motion on January 7, 2021, and the certificate of service avers that Tandem electronically served appellants with notice of the motion and unsigned judgment nunc pro tunc. A certificate or affidavit of service is prima facie evidence that service took place. *See Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex. App.—Dallas 2011, no pet.). Moreover, there is no proof in the record of non-receipt to rebut the presumption that service took place. *Cf. id.* Accordingly, we overrule this issue.

–6–

In their third issue, appellants challenge the evidence to support a judgment in favor of Tandem. As alleged by Tandem in its petition, it entered into partial purchase agreements for several properties with appellants pursuant to which appellant Minsk assigned notes and deeds of trusts to Tandem, Tandem purchased of a number of the remaining payments owed by the mortgagors, and Minsk guaranteed the remaining payments. Appellants argue the agreements required Tandem to notify them of any defaults so that appellants would cure the default and the record contains insufficient evidence of any notices of default, statements, or other proof of default on the properties.

Tandem responds that it pleaded all conditions precedent had been met, appellants did not specifically deny that pleading such that Tandem was not required to offer proof of same, and that even assuming Tandem were required to do so, the record contains an uncontroverted affidavit that Tandem fully performed its obligations under the agreements. We agree with Tandem.

Appellants failed to specifically deny that Tandem had failed to meet any conditions precedent, including that Tandem failed to notify appellants of any mortgagor's default in payment, as required by rule 54 of the Texas Rules of Civil Procedure.[4] Absent a specific denial, Tandem was relieved of the burden of proving

_____

[4] "In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred." TEX. R. CIV. P. 54. "When such performances or occurrences have been so plead, the party so pleading same shall be required to prove *only such of them as are specifically denied by the opposite party*." *Id.* (emphasis added).

that condition precedent had been met.  *See Cmty. Bank & Tr., S.S.B. v. Fleck*, 107 S.W.3d 541, 542 (Tex. 2002) (per curiam) (affirming summary judgment where movant pleaded all conditions precedent were met, non-movant failed to specifically deny that allegation, but attempted to argue no evidence of condition precedent had been offered by movant).  Accordingly, we overrule appellants' third issue.

CONCLUSION

We affirm.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210417F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MINSK FINANCE, LLC, GP
ACQUISITIONS, LLC, AND
TRAVIS KASPER, Appellants

No. 05-21-00417-CV  V.

TANDEM, INC., Appellee

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-19-08833.
Opinion delivered by Justice
Schenck. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TANDEM, INC. recover its costs of this appeal from appellants MINSK FINANCE, LLC, GP ACQUISITIONS, LLC, AND TRAVIS KASPER.

Judgment entered this 27th day of June 2022.